UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

ROYAL MANUFACTURED                    CIVIL ACTION NO. 6:09-cv-1063
HOMES, LLC

VERSUS                                MAGISTRATE JUDGE HANNA

NEW HAMPSHIRE INSURANCE                BY CONSENT
COMPANY

## RULING ON MOTION

Rec. Doc. 11

This case comes before the Court by consent, pursuant to 28 U.S.C. §636, for disposition.  Pending is a motion for summary judgment filed by defendant New Hampshire Insurance Company.  (Rec. Doc. 11).  The motion is opposed, but the parties waived oral argument.  Considering the evidence, the law, and the arguments of the parties, and for the reasons which follow, the motion is DENIED.

## I.    FACTUAL  BACKGROUND

In November 2005, Jerry and Ethel Powers purchased a modular home from Royal Manufactured Homes, L.L.C.  The modular home was allegedly delivered to the Powerses' property and installed by Danny Richard Mobile Movers, Inc. ("Richard Movers.")  Shortly thereafter, Mr. and Mrs. Powers allegedly noticed

"several problems with the construction of the home, as well as with the manner in which the two (2) pieces of [the] home were placed together,"[1] including but not limited to sheetrock cracks, missing window mouldings, mouldings that did not meet precisely, doors not closing, scratched appliances, incomplete staining and painting, a loose mantle, siding cracks, and numerous other problems.[2]  Mr. and Mrs. Powers filed a redhibition lawsuit against Royal and Indies House, which presumably is the manufacturer of the modular home,[3] in Louisiana state court,[4] seeking to rescind the sale and/or reduce the purchase price.

Royal made a claim for defense and indemnity under the insurance policy issued to it by New Hampshire Insurance Company, but New Hampshire denied coverage.  Royal then filed suit against New Hampshire,[5] seeking a declaration that Royal is owed both defense and indemnity under New Hampshire's insurance policy. New Hampshire removed the suit to this forum.

---

[1]      Rec. Doc. 11-3 at ¶5.

[2]      Rec. Doc. 11-3 at ¶8.

[3]      The modular home is described as a 2004 Indies House Model No. IND-002, Serial No. AL4164-I04-4748ABC.  (Rec. Doc. 11-3, ¶5).

[4]      Rec. Doc. 11-3 (petition in the underlying lawsuit) and Rec. Doc. 11-4 (amended petition in the underlying lawsuit).

[5]      A copy of the petition filed in that suit is found in the record at Rec. Doc. 1-1.

Currently before the court is New Hampshire's motion for summary judgment on the issue of the coverage afforded by New Hampshire's policy.  New Hampshire seeks to have all claims asserted against it in this lawsuit dismissed.

## II.    ANALYSIS

### A.    SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the pleadings, the discovery and disclosure materials on filed, and any affidavits show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law.[6]

In this case, no material facts are in dispute.  The only issue to be resolved is a legal one, i.e, the proper interpretation of New Hampshire's insurance policy to determine whether the policy does or does not afford coverage to Royal in connection with the claim asserted by Mr. and Mrs. Powers.  The interpretation of an insurance contract and its exclusions is a question of law.[7]

---

[6]      Rule 56(c)(2) of the Federal Rules of Civil Procedure.

[7]      *Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 197 F.3d 742, 746 (5th Cir. 1999).

This is a diversity suit regarding an insurance policy issued in Louisiana, and is thus governed by Louisiana law.[8]  Under Louisiana law, it is well-settled that the insured bears the burden of proving the existence of the policy and coverage while the insurer bears the burden of proving the applicability of policy exclusions.[9]

It is also well-settled under Louisiana law that a dispute as to whether, as a matter of law, the language of an insurance policy provides coverage can be properly resolved within the context of a motion for summary judgment.[10]  Summary judgment may be rendered declaring a lack of coverage if there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, that coverage would be afforded by the policy.[11]

---

[8]  *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007); *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003).

[9]  *Tunstall v. Stierwald,* 2001-1765 (La. 02/26/02), 809 So.2d 916, 921; *Cochran v. B.J. Services Co. USA*, 302 F.3d 499, 502 -503 (5th Cir. 2002).

[10]  *Pridgen v. Jones*, 556 So.2d 945, 949 (La. 1992); *Alford v. Kaiser*, 589 So.2d 546, 548 (La. App. 1 Cir. 1991), *writ denied*, 594 So.2d 893 (La. 1992); *Saffel v. Bamburg*, 478 So.2d 663, 664-665 (La. App. 2 Cir. 1985), *writ denied*, 481 So.2d 1335 (La. 1986); *Domingue v. Reliance Insurance Co.*, 619 So.2d 1220, 1223 (La. App. 3 Cir. 1993); *Garcia v. Certified Lloyds Insurance Company*, 598 So.2d 1278, 1280 (La. App. 4 Cir. 1992), *writ denied*, 604 So.2d 969 (La. 1992).

[11]  *Elliott v. Continental Cas. Co.*, 06-1505 (La. 02/22/07), 949 So.2d 1247, 1253; *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.0 4/11/94), 634 So.2d 1180, 1183; *Westerfield v. LaFleur*, 493 So.2d 600, 605 (La. 1986).  See, also, *Cochran v. B.J. Services Co. USA* 302 F.3d 499, 503 (5th Cir. 2002).

New Hampshire's policy provisions must be interpreted in accordance with the familiar, well-established rules for interpreting insurance policies and other contracts.[12]   An insurance policy is a conventional obligation, or contract, that constitutes the law between the insured and insurer; therefore, the agreement between the insured and the insurer governs the nature of their relationship.[13]   Because insurance policies are contracts, they are interpreted under the same rules of construction that apply to other types of contracts.[14]   The extent of coverage afforded by an insurance policy is determined by the intent of the parties as reflected in the words of the policy.[15]   When a policy is clear and explicit and leads to no absurd results, it must be enforced as written.[16]   Furthermore, an insurer is free to include whatever conditions, limitations, or exclusions in the policy it thinks appropriate, so

---

[12]     *Times-Picayune Publ'g Corp. v. Zurich Am. Ins. Co*., 421 F.3d 328, 331 (5th Cir. 2005).

[13]     *Pareti v. Sentry Indemnity Co.,* 536 So. 2d 417, 420 (La. 1988); Louisiana Civil Code Article 1983.

[14]     *Succession of Fannaly v. Lafayette Ins. Co.*, 2001-1144 (La. 1/15/02), 805 So. 2d 1134, 1137; *Ledbetter v. Concord Gen. Corp.*, 95-0809 (La. 1/16/96), 665 So. 2d 1166, 1169, *amended*, 95-0809 (La. 4/18/96), 671 So. 2d 915; *Reynolds v. Select Properties, Ltd.,* 634 So. 2d at 1183; *Smith v. Matthews*, 611 So. 2d 1377, 1379 (La. 1993).

[15]     *Succession of Fannaly v. Lafayette*, 805 So. 2d at 1137; *Ledbetter v. Concord*, 665 So. 2d at 1169.

[16]     Civil Code Article 2046; *Succession of Fannally v. Lafayette*, 805 So. 2d at 1137.

long as the provisions do not violate statutory law or offend public policy[17] and so long as any exclusion from coverage is clear and unmistakable.[18]  Therefore, when the words used to craft the provisions of an insurance policy are clear and unambiguous, the policy must be enforced as written.[19]

Whether an insurer has a duty to defend its insured is also susceptible of resolution by means of summary judgment.[20]  An insurer's obligation to defend suits against its insured is generally broader than its obligation to provide coverage for damage claims, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.[21]  Thus, if, assuming all of the allegations of the petition to be true, there would be both coverage under the policy and liability of the insured to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit.[22]  If, however, when the facts are compared to the policy

---

[17]    *Reynolds v. Select Properties*, 634 So.2d at 1183; *Roger v. Estate of Moulton*, 513 So. 2d at 1130.

[18]    *Roger v. Estate of Moulton*, 513 So. 2d at 1130.

[19]    *Peterson v. Schimek,* 98-1712 (La. 3/02/99), 729 So. 2d 1024, 1028; *Central La. Elec. Co. v. Westinghouse Elec. Corp.,* 579 So. 2d 981, 985 (La. 1991).

[20]    See, e.g., *Elliott v. Continental Cas. Co*., 949 So. 2d at 1255; *Jones v. Estate of Santiago*, 2003-1424 (La. 04/14/2004), 870 So. 2d 1002, 1010.

[21]    *Elliott v. Continental*, 949 So. 2d at 1250.

[22]    *Elliott v. Continental*, 949 So. 2d at 1250.

provisions, under the so-called "eight corners rule," it is clear that the insurance policy does not afford coverage, summary judgment in favor of the insurer may be granted.[23]

To reiterate, the insurer is obligated to furnish a defense unless the petition unambiguously excludes coverage for every allegation set forth in the petition.[24] Thus, even though the petition may allege numerous claims for which coverage is excluded under the policy, a duty to defend will nevertheless exist if there is at least a single allegation in the petition for which coverage is not unambiguously excluded.[25]

## B.   NEW HAMPSHIRE HAS A DUTY TO DEFEND ROYAL

New Hampshire issued a garage liability insurance policy to Royal, bearing Policy No. ARL286-52-082, and covering the time period from June 7, 2005 to June 7, 2006.  The policy's insuring agreement reads as follows:

---

[23]   *Mobile Imaging, Inc. v. Fix*, 2007-1482 (La. App. 3rd Cir. 04/02/2008), 980 So. 2d 240, 243, citing *Reynolds v. Select Properties*, 634 So. 2d at 1183.

[24]   *Yount v. Maisano*, 627 So.2d 148, 153 (La.1993)

[25]   *Employees Insurance Representatives, Inc. v. Employers Reinsurance Corporation*, 94-0676 (La. App. 1 Cir. 03/03/95), 653 So.2d 27, 29, *writ denied*, 95-1334 (La. 09/01/95), 658 So.2d 1268.

> We [New Hampshire] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos."[26]

The terms in quotation marks are defined in the policy. The term "insured" means "any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage."[27] Royal is the named insured on the declarations page of the policy.[28] The "Who is an Insured" provision of the garage liability part of the policy indicates that Royal, its partners, employees, directors, and shareholders are insureds under the policy.

The term "bodily injury" means "bodily injury, sickness or disease sustained by a person including death resulting from any of these."[29] The term "property damage" means "damage to or loss of use of tangible property."[30] The term "accident" means "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'"[31]

---

[26]    Rec. Doc. 11-2 at 16.

[27]    Rec. Doc. 11-2 at 30.

[28]    Rec. Doc. 11-2 at 1.

[29]    Rec. Doc. 11-2 at 30.

[30]    Rec. Doc. 11-2 at 31.

[31]    Rec. Doc. 11-2 at 30.

A review of the face of the original and supplemental petitions filed by Mr. and Mrs. Powers reveals no express allegations of bodily injury, although there is a claim for non-pecuniary damages.[32]

Royal argues that Mr. and Mrs. Powers amended their original complaint to allege that they sustained bodily injury as a result of mold contamination caused either by Royal's negligence or by defects in the home.[33]  A review of the face of the original and supplemental petitions filed by Mr. and Mrs. Powers reveals no such allegations.  It is well-settled, under Louisiana law, that the attachments to a petition must be considered along with the content of the petition itself on an exception of no cause of action.[34]  But no such rule applies with regard to motions for summary judgment.   In fact, there is authority for the principle that an unsworn, unauthenticated document does not become valid summary-judgment style evidence simply because it is attached to a petition; instead, an attachment to a petition can be considered on a motion for summary judgment only if it is also attached to or identified in an affidavit or otherwise constitutes valid summary-judgment style

---

[32]      Rec. Doc. 11-3 at ¶12.

[33]      Rec. Doc. 13 at 2.

[34]      See, e.g., *Alexander and Alexander, Inc. v. State, Div. of Admin.*, 486 So.2d 95, 97 (La. 1986); *Aycock v. Chicola*, 2009-563 (La. App. 3 Cir. 12/16/09), 27 So.3d 1005, 1008, citing *Mire v. Fidelity & Casualty Co. of New York*, 338 So.2d 351, 352 (La. App. 3 Cir. 1976).

evidence.[35]  In this case, Mr. and Mrs. Powers's original petition references an Exhibit A, but neither the copy of the petition submitted by New Hampshire in support of its motion for summary judgment,[36] nor the copy submitted by Royal in opposition to the motion,[37] nor the copy submitted by New Hampshire along with its removal notice[38] had an Exhibit A attached.

There were exhibits attached to the copy of the supplemental petition that was submitted by Royal.[39]  One of the attachments is a letter from the Powerses' counsel[40] which asserts claims that are not mirrored in either petitions and which states that Mr. and Mrs. Powers seek relief that is not requested in the petitions.  But there is no indication that the letter was produced in discovery, and it is not authenticated in an affidavit.  Therefore, it is not the type of evidence that can be used to support or controvert a motion for summary judgment.  Consequently, that letter (and the other

---

[35]    *Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C.*, 2009-0414 (La. App. 4 Cir. 08/26/09), 17 So.3d 513, *writ denied*, 2009-2162 (La. 12/11/09), 23 So.3d 919.

[36]    Rec. Doc. 11-3.

[37]    Rec. Doc. 13-2 (manual attachment).

[38]    Rec. Doc. 1-1.

[39]    Rec. Doc. 13-2 (manual attachment).

[40]    Rec. Doc. 13-2 (manual attachment).

-10-

attachments to the supplemental petition) was not considered in ruling on New Hampshire's motion.

As noted previously, however, the original petition includes a claim for the recovery of non-pecuniary damages under Louisiana Civil Code Article 1998.  The comments to the article indicate that this variety of damages is "damage of a moral nature which does not affect a 'material' or tangible part of a person's patrimony."[41] Thus, it is not property damage.  The comments further explain that "[a] contract made for the gratification of a nonpecuniary interest means one intended to satisfy an interest of a spiritual order, such as a contract to create a work of art, or a contract to conduct scientific research, or a contract involving matters of sentimental value."[42] The comments caution, however, that mere worry or vexation does not constitute a non-pecuniary loss.[43]  Based on this explanation of the nature of non-pecuniary loss, the undersigned finds that a moral or spiritual injury is a bodily injury rather than property damage, and the undersigned further finds that Mr. and Mrs. Powers asserted a bodily injury claim in their original petition.

---

[41]     Comment b to Civil Code Article 1998.

[42]     Comment c to Civil Code Article 1998.

[43]     Comment e to Civil Code Article 1998.

The insuring agreement set forth in New Hampshire's policy expressly states that coverage is afforded for bodily injury claims.  New Hampshire did not argue that its policy excludes coverage for such claims, and New Hampshire did not identify any policy provision that negates the coverage afforded by the insuring agreement for bodily injury claims.  New Hampshire has not satisfied its burden of proving an exclusion from coverage.

Without considering or deciding whether Mr. and Mrs. Powers did or did not assert a claim for property damage, the undersigned finds that Mr. and Mrs. Powers's nonpecuniary damage claim is an allegation for which coverage is not unambiguously excluded when the petition is compared to the policy provisions.  Consequently, New Hampshire  owes a duty to defend Royal with regard to that claim.  Having found that there is a duty to defend, the undersigned pretermits further discussion of the coverage afforded by New Hampshire's policy.

## CONCLUSION

As explained above, the undersigned finds that there is at least one allegation set forth in the petition that is not excluded from coverage under New Hampshire's insurance policy.  Consequently, New Hampshire is obligated to provide Royal with a defense against all claims asserted in the underlying lawsuit.  Further discussion of

coverage is pretermitted.  For these reasons, New Hampshire's motion for summary judgment (Rec. Doc. 11) is DENIED.

Signed at Lafayette, Louisiana, this 25th day of June, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)