UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROYAL MANUFACTURED                CIVIL ACTION NO. 6:09-cv-1063
HOMES, LLC

VERSUS                             MAGISTRATE JUDGE HANNA

NEW HAMPSHIRE INSURANCE            BY CONSENT
COMPANY

RULING ON MOTION FOR RECONSIDERATION

(Rec. Doc. 30)

This case comes before the Court by consent, pursuant to 28 U.S.C. § 636, for disposition.  Pending is the motion for reconsideration and/or relief from judgment (Rec. Doc. 30) filed by the defendant, New Hampshire Insurance Company, regarding this Court's ruling (Rec. Doc. 28), which denied New Hampshire's motion for summary judgment.  For the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.  To the extent that New Hampshire seeks to have the prior ruling reconsidered, the motion is GRANTED.  To the extent that New Hampshire seeks to have the prior ruling altered or amended, the motion is DENIED.

## BACKGROUND

New Hampshire previously filed a motion for summary judgment, arguing that the garage liability insurance policy, Policy No. ARL286-52-082, covering the time period from June 7, 2005 to June 7, 2006, that it issued to the plaintiff, Royal Manufactured Homes, LLC, affords no coverage for the claims asserted in the underlying lawsuit brought by Jerry and Ethel Powers against Royal. New Hampshire argued that because Mr. and Mrs. Powers did not allege a property damage claim, the policy excluded coverage. The undersigned found, however, that Mr. and Mrs. Powers had asserted a bodily injury claim by expressly seeking to recover non-pecuniary damages. Because the policy's insuring agreement affords coverage for bodily injury claims, the undersigned found "that Mr. and Mrs. Powers's nonpecuniary damage claim is an allegation for which coverage is not unambiguously excluded when the petition is compared to the policy provisions. Consequently, New Hampshire owes a duty to defend Royal with regard to that claim. Having found that there is a duty to defend, the undersigned pretermits further discussion of the coverage afforded by New Hampshire's policy." (Rec. Doc. 28 at 12).

New Hampshire now seeks relief from this Court's ruling.

## DISCUSSION

New Hampshire's motion seeks to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure. Relief may be granted under Rule 59(e) if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error or law or prevent manifest injustice.[1]  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[2]

New Hampshire seeks relief under the third and fourth grounds cited above (Rec. Doc. 30-1 at 2) and expressly "seeks reconsideration of that portion of the Court's ruling wherein the Court held that the inclusion, by Mr. and Mrs. Powers, of a claim for 'non-pecuniary damages' was tantamount to a claim for bodily injury under the New Hampshire policy." (Rec. Doc. 30-1 at 1-2.) New Hampshire posits several reasons for its request for reconsideration. First, it argues that neither party briefed the issue of whether a nonpecuniary injury is a bodily injury. Second, it argues that a nonpecuniary injury is not a bodily injury under Louisiana law. Third, it argues that the allegations set forth in the petitions are insufficient to support a claim for nonpecuniary damages. Finally, in its supplemental brief (Rec. Doc. 37),

---

[1] *McGillivray v. Countrywide Home Loans, Inc.*, 360 Fed.Appx. 533, 537 (5th Cir. 2010), citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). See also *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Southern Constructors v. Dynalectric Co.*, 2 F.3d 606, 611 n. 16 (5th Cir. 1993).

[2] *Templet v. HydroChem*, 367 F.3d at 479.

New Hampshire argues that the intentional acts exclusion included in its policy precludes coverage for any bodily injury claim that might have been asserted.

A.     THE PARTIES' BRIEFING

New Hampshire's motion for summary judgment placed before the court the issue of New Hampshire's duty to defend its insured with regard to the claims asserted by Mr. and Mrs. Powers as well as the issue of the coverage afforded by New Hampshire's policy. This requires a comparison of the four corners of the insurance policy with the four corners of the complaint under the so-called "eight corners rule." The parties offered into evidence a certified copy of New Hampshire's insurance policy and copies of the pleadings filed in the underlying lawsuit and invited the court to compare them in order to determine if the policy affords coverage and if New Hampshire has a duty to defend its insured. Consequently, every allegation set forth in the plaintiffs' petitions and every provision contained in the policy was susceptible of review and interpretation by the court, especially since Royal argued, in opposition to New Hampshire's motion for summary judgment, that Mr. and Mrs. Powers had in fact asserted bodily injury claims.[3] Any party's failure to address, in its briefing,

---

[3]     "Moreover, the Powers sought damages for non-pecuniary loss and personal injuries as a result of exposure to the black mold." Rec. Doc. 13 at 7.

any particular allegation of the petitions or any particular policy provision is immaterial to the analysis that the court was required to perform.

Although a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party,[4] that did not occur in this case. The court analyzed the insurance policy in light of the allegations made by Mr. and Mrs. Powers and made a decision on the issue of duty to defend, which the defendant placed before the court in its motion for summary judgment. Any failure to brief the significance of a particular policy provision or allegation of the petitions must be ascribed solely to the parties, who certainly were aware that the "eight corners rule" would be applied. This contention is not a basis for altering the judgment under Rule 59.

## B. IS A NON-PECUNIARY INJURY A BODILY INJURY?

New Hampshire argues that a nonpecuniary injury is some species of injury that is neither property damage nor bodily injury. Consequently, New Hampshire argues that the court's ruling on New Hampshire's motion for summary judgment is legally incorrect.

---

[4] *Arredondo v. Flores*, 347 Fed. App'x 62, 64-65 (5th Cir. 2009), citing *Baker v. Metropolitan Life Ins. Co.*, 364 F.3d 624, 632 (5th Cir. 2004).

In particular, New Hampshire suggests that nonpecuniary damages are moral or spiritual damages as opposed to bodily injuries. There is no dispute that nonpecuniary injuries are those resulting from a moral, spiritual, or intellectual loss.[5] But in order to have emotions, morals, or intellect, one must first be a human being with a body. The jurisprudence regarding nonpecuniary damages describes the types of losses that fall into that category as usually consisting of mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and inconvenience.[6] In keeping with the admonition that "coverage determinations should primarily be based on the individual policy provisions,"[7] it is well-settled under Louisiana law that when an insurance policy defines the term "bodily injury" as that term is defined in New

---

[5] Comment (b) to Civil Code Article 1998. See, also, *Sanders v. Zeagler*, 96-1180 (La. 01/14/97), 686 So.2d 819, 821-22; *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123, 1128-29 (La. 1992).

[6] See, e.g., *Sanders v. Zeagler*, 686 So.2d at 823; *Young v. Ford*, 595 So.2d at 1133; *McMorris v. Marcotte Builders, L.L.C.*, 98-2302 (La. App. 1 Cir. 12/28/99), 756 So.2d 424, 429, *writ denied*, 2000-0664 (La. 04/20/00), 760 So.2d 1158; *Kite v. Gus Kaplan, Inc.*, 1997-57 (La. App. 3 Cir. 02/18/98), 708 So.2d 473, 482, *aff'd in part and rev'd in part*, 98-0715, 98-0751 (La. 11/17/99), 747 So.2d 503; *Simmons v. Board of Comm'rs of Bossier Levee Dist.*, 624 So.2d 935, 956 (La. App. 2 Cir. 1993); *Pinero v. Jackson Hewitt Tax Service Inc.*, 594 F.Supp.2d 710, 717-18 (E.D. La. 2009); *Abu-Kiskh v. Vintage Petroleum, Inc.*, 764 F.Supp. 76, 77 (W.D. La. 1990).

[7] *Hardie v. Professional Physical Rehabilitation Hosp., LLC*, 2004-445 (La. App. 3 Cir. 2004), 883 So.2d 510, 515.

Hampshire's policy, mental anguish is included within the scope of "bodily injury."[8] Consequently, this court's ruling on New Hampshire's motion for summary judgment has a sound legal basis and will not be disturbed.

### C. THE SUFFICIENCY OF THE ALLEGATION REGARDING NONPECUNIARY DAMAGES

New Hampshire contends that Mr. and Mrs. Powers did not plead sufficient facts to support their claim for nonpecuniary damages but merely alleged that they are seeking to recover a particular type of damages. The undersigned disagrees. As quoted by New Hampshire in its brief, the petition states that "the home was purchased for the personal satisfaction of plaintiffs and not for any pecuniary means."[9] That is a factual allegation. Whether that fact will ultimately be proven true or false in the underlying litigation is irrelevant. The issue before the Court is not whether the plaintiffs in the Powers lawsuit asserted sufficient facts to withstand a motion to dismiss but whether, when the allegations of their petition were compared with the provisions of New Hampshire's insurance policy, there were any allegations

---

[8] See, e.g., *Ledbetter v. Concord General Corp.*, 95-0809 (La. 01/06/96), 665 So.2d 1166, 1169-70; *Crabtree v. State Farm Ins. Co.*, 93-0509 (La. 02/28/94), 632 So.2d 736, 745. See, also, *Hebert v. Webre*, 2008-0060 (La. 05/02/08), 982 So.2d 770, 776-78 (discussing differences in policy language); *Hardie v. Professional*, 883 So.2d at 514 (finding that the word "injury" encompasses both mental and physical injuries).

not unambiguously excluded from coverage. The undersigned found that to be the case, and New Hampshire's argument concerning the factual content of the Powerses' petition is unpersuasive.

D. **THE INTENTIONAL ACTS EXCLUSION IS NOT APPLICABLE**

New Hampshire argues, for the first time in its supplemental brief (Rec. Doc. 37), that any bodily injury claim that might have been asserted in the underlying lawsuit is precluded from coverage by the policy's intentional acts exclusion. Fifth Circuit jurisprudence is clear that a civil litigant may not use a Rule 59(e) motion as a platform for raising new claims that could have been presented prior to the district court's entry of a final judgment.[10] As noted previously, the entirety of New Hampshire's policy was at issue with regard to New Hampshire's motion for summary judgment addressing coverage and the duty to defend. Consequently, New Hampshire could have – and should have – raised this argument earlier. It is inappropriate to raise this new argument in a motion that seeks to amend or alter the Court's earlier ruling. Therefore, this new argument will not be considered.

---

[10] *Worrell v. Houston CanA Academy*, 287 Fed.Appx. 320, 327 (5th Cir. 2008); *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008); *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 610 (5th Cir. 2006); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Even if the undersigned were to consider this new argument, however, the result would not change. The new argument is unpersuasive. New Hampshire argues that the language of Civil Code Article 1998, which discusses nonpecuniary damages, must be interpreted as requiring a showing of intent on the part of the obligor in order for a nonpecuniary injury to occur. The undersigned disagrees.

The second paragraph of Article 1998 says that "damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee." For recovery under this paragraph, an intentional act on the part of the obligor is required.

The first paragraph of Article 1998, however, contains no such requirement. It states that nonpecuniary damages may be recovered when the parties' contract is intended to gratify a nonpecuniary interest and "the obligor knew, or should have known, that his failure to perform would cause that kind of loss." That does not mean that recovery is permitted only when the obligor deliberately or intentionally failed to perform. It means that recovery is permitted when the obligor knew or should have known that a failure to perform (for any reason) would result in nonpecuniary damages.

New Hampshire has not demonstrated that its policy unambiguously excludes coverage for every allegation set forth in the petition filed in the underlying lawsuit. Therefore, New Hampshire is obligated to provide its insured with a defense.

## CONCLUSION

For the foregoing reasons, New Hampshire's motion for reconsideration and/or relief from judgment (Rec. Doc. 30) is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent that the undersigned has reconsidered its earlier ruling on New Hampshire's motion for summary judgment, and the motion is denied to the extent that New Hampshire seeks to alter or amend the earlier judgment.

Signed at Lafayette, Louisiana, this 26th day of August, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)