UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROYAL MANUFACTURED                    CIVIL ACTION NO. 6:09-cv-1063
HOMES, LLC

VERSUS                                MAGISTRATE JUDGE HANNA

NEW HAMPSHIRE INSURANCE                BY CONSENT
COMPANY


## <u>MEMORANDUM RULING</u>

Rec. Docs. 46 & 52


This case comes before the Court by consent of the parties, pursuant to 28

U.S.C. §636.  Pending is a motion for summary judgment filed by the plaintiff, Royal

Manufactured Homes, LLC.  (Rec. Doc. 46).  The motion is opposed.  Also pending

is the motion of the defendant, New Hampshire Insurance Company, which seeks to

strike some of the exhibits filed along with and in support of the plaintiff's motion for

summary judgment.  (Rec. Doc. 52).  That motion is also opposed.  Considering the

evidence, the law, and the arguments of the parties, and for the reasons which follow,

the motion to strike is DENIED AS MOOT, and the motion for summary judgment

is DENIED.

## I.    FACTUAL  BACKGROUND

In November 2005, Jerry and Ethel Powers purchased a manufactured home from Royal Manufactured Homes, L.L.C.  The home was allegedly delivered to the Powerses' property and installed by Danny Richard Mobile Movers, Inc. ("Richard Movers.")  Shortly thereafter, Mr. and Mrs. Powers allegedly noticed "several problems with the construction of the home, as well as with the manner in which the two (2) pieces of [the] home were placed together,"[1] including but not limited to sheetrock cracks, missing window mouldings, mouldings that did not meet precisely, doors not closing, scratched appliances, incomplete staining and painting, a loose mantle, siding cracks, and numerous other problems.[2]  Mr. and Mrs. Powers filed a redhibition lawsuit against Royal and Indies House, which presumably is the manufacturer of the modular home,[3] in Louisiana state court,[4] seeking to rescind the sale and/or reduce the purchase price.

---

[1]       Rec. Doc. 48-2 at ¶5.

[2]       Rec. Doc. 48-2 at ¶8.

[3]       The modular home is described as a 2004 Indies House Model No. IND-002, Serial No. AL4164-I04-4748ABC.  (Rec. Doc. 48-2, ¶5).

[4]       Rec. Doc. 48-2 (petition in the underlying lawsuit), Rec. Doc. 48-3 (first amending and supplemental petition in the underlying lawsuit), and Rec. Doc. 48-4 (second amending and supplemental petition in the underlying lawsuit).

According to Royal's briefing, Mr. and Mrs. Powers's claim was arbitrated but the arbitrator's decision was subsequently vacated, and the claim is to be tried in state court.[5]  The current status of that underlying proceeding is unknown.

In connection with the Powerses' lawsuit against Royal, Royal made a claim for defense and indemnity under the insurance policy issued to it by New Hampshire Insurance Company, but New Hampshire denied coverage.  Royal then filed suit against New Hampshire,[6] seeking a declaration that Royal is owed both defense and indemnity under New Hampshire's insurance policy.  New Hampshire removed the suit to this forum.[7]

Currently before the court are Royal's motion for summary judgment on the issue of the coverage afforded by New Hampshire's policy and New Hampshire's motion to strike certain of Royal's supporting documents.

---

[5]     Rec. Doc. 46-1 at 2.

[6]     Rec. Doc. 1-1.

[7]     Rec. Doc. 1.

## II.    ANALYSIS

### A.    NEW HAMPSHIRE'S MOTION TO STRIKE

New Hampshire seeks to strike Exhibits F and G,[8] which were submitted by Royal in support of its motion for summary judgment.  Exhibit F is comprised of a March 2, 2007 letter from the Powerses' attorney Virginia Coreil Drago to the American Arbitration Association and others, with an attached list of alleged problems with the Powerses' mobile home, as well as a letter from Ms. Drago to the American Arbitration Association and others dated July 2, 2007.  Exhibit G is the affidavit of Jerry Eugene Powers, the plaintiff in the underlying lawsuit, with copies of the same documents comprising Royal's Exhibit F attached as exhibits to the affidavit.  New Hampshire argues that these exhibits are inadmissible extraneous evidence that do not satisfy the requirement of Rule 56(c)(4) of the Federal Rules of Civil Procedure and should, therefore, be stricken.

Rule 56(c)(1)(A) states that a party seeking to show that a fact is either undisputed or genuinely disputed must support its claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials."  But Rule 56(c)(2) states that any such citation may be

---

[8]        Rec. Docs. 48-6 and 48-7.

objected to on the basis that "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

The two letters, standing alone as in Exhibit F, are not valid summary-judgment style evidence because they are inadmissible hearsay.  Therefore, they will not be considered by the undersigned in ruling on Royal's motion for summary judgment.

Rule 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  An affidavit offered in support of a motion for summary judgment is improper if it contains statements made on information and belief, argument, or conclusions of law or ultimate fact.[9]

In this case, Mr. Powers's affidavit does not contain a statement that he is competent to testify as to the matters addressed in the affidavit.  The only fact established in the affidavit is that the damages complained of in the underlying lawsuit occurred during the policy period of the relevant insurance policy issued by New Hampshire, a fact that is not contested by New Hampshire.  For the most part, the affidavit simply confirms that Mr. Powers has read the petitions filed in the

---

[9]     *Orthopedic & Sports Injury Clinic v. Wang*, 922 F.2d 220, 225 (5th Cir. 1991); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

underlying suit and agrees with the allegations made in that suit.  Although Royal argues that "Mr. Powers' [sic] affidavit clearly states that he personally witnessed the damages he alleged in his complaint,"[10] that is not what the affidavit says.  The affidavit says that Mr. Powers "*alleges* that he personally witnessed the property damage...."[11]  That statement confirms that certain allegations were set forth in the petitions filed in the underlying lawsuit but does not offer any admissible evidence as to existence, nature, or extent of the damages allegedly suffered.  With regard to the letters attached to Mr. Powers's affidavit, Mr. Powers's affidavit testimony is solely that he has reviewed them.  He does not attempt to vouch for the accuracy of the information set forth in the letters.  Consequently, the affidavit has very little evidentiary value.  Rather than striking the affidavit as requested by New Hampshire, however, the undersigned will not consider the affidavit in ruling on Royal's motion for summary judgment.

### B.   ROYAL'S MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving

---

[10]     Rec. Doc. 55 at 4.

[11]     Rec. Doc. 48-7 at ¶ 6 [emphasis added].

party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the law applicable in the case.[12]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[13]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[14]  "When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial."[15]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of

---

[12]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Insurance Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[13]  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

[14]  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[15]  *Thibodeaux v. Vamos Oil & Gas Co.*, 555 F.Supp.2d 711, 714-15 (W.D. La. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 324.

material fact.[16]  All facts and inferences are construed in the light most favorable to the nonmovant.[17]

In its motion, Royal seeks summary judgment in its favor, declaring that New Hampshire's insurance policy provides coverage for the damages alleged by Mr. and Mrs. Powers in their lawsuit.  It is undisputed that New Hampshire issued a garage liability insurance policy to Royal, bearing Policy No. ARL286-52-082, and covering the time period from June 7, 2005 to June 7, 2006.  The policy's insuring agreement reads as follows:

> We [New Hampshire] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos."[18]

The terms in quotation marks are defined in the policy.  The term "insured" means "any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage."[19]   Royal is the named insured on the

---

[16]      *Washburn v. Harvey*, 504 F.3d at 508, citing *Celotex Corp. v. Catrett*, 477 U.S. at 323.

[17]      *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[18]      Rec. Doc. 48-1 at 16.

[19]      Rec. Doc. 48-1 at 30.

declarations page of the policy.[20] The "Who is an Insured" provision of the garage liability part of the policy indicates that Royal, its partners, employees, directors, and shareholders are insureds under the policy.

The term "bodily injury" means "bodily injury, sickness or disease sustained by a person including death resulting from any of these."[21] The term "property damage" means "damage to or loss of use of tangible property."[22] The term "accident" means "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'"[23]

A review of the face of the original and supplemental petitions filed by Mr. and Mrs. Powers reveals no express allegations of bodily injury, although there is a claim for non-pecuniary damages.[24] In a prior ruling, the undersigned found that the claim for non-pecuniary damages was a bodily injury claim but neither considered nor decided whether property damage had been alleged.[25] In that opinion, the undersigned held that, because Mr. and Mrs. Powers's nonpecuniary damage claim

---

[20] Rec. Doc. 48-1 at 1.

[21] Rec. Doc. 48-1 at 30.

[22] Rec. Doc. 48-1 at 31.

[23] Rec. Doc. 48-1 at 30.

[24] Rec. Doc. 48-2 at ¶12.

[25] Rec. Doc. 28 at 11-12.

is an allegation for which coverage is not unambiguously excluded when the petition is compared to the policy provisions, New Hampshire has a duty to defend Royal with regard to the claims asserted by Mr. and Mrs. Powers in their lawsuit.[26]   That ruling does not resolve the issue now before this Court.

Royal suggests that the only issue to be resolved at this time is a legal one, i.e, the proper interpretation of New Hampshire's insurance policy to determine whether the policy does or does not afford coverage to Royal in connection with the claim asserted by Mr. and Mrs. Powers.   Royal is correct that the interpretation of an insurance contract and its exclusions is a question of law.[27]   As this is a diversity suit regarding an insurance policy issued in Louisiana, it is governed by Louisiana law.[28]

Under Louisiana law, "[a] liability insurer's duty to defend and the scope of its coverage are separate and distinct issues."[29]   The obligation of a liability insurer to defend suits against its insured is generally broader than its obligation to provide

---

[26]      Rec. Doc. 28 at 12.

[27]      *Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 197 F.3d 742, 746 (5th Cir. 1999).

[28]      *Guidry v. American Public Life Ins. Co*., 512 F.3d 177, 181 (5th Cir. 2007); *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co*., 352 F.3d 254, 260 (5th Cir. 2003).

[29]      See, e.g., *Weaver v. CCA Industries, Inc.*, No. 01-2096, 2009 WL 1322290, *7 (W.D. La. May 12, 2009); *Johnson v. Misirci*, 2006-1136 (La. App. 4 Cir. 03/28/07), 955 So.2d 715, 718, *writ denied*, 2007-0849 (La. 06/15/07), 958 So.2d 1194; *Dennis v. Finish Line, Inc.*, 93-0638, 93-0639 (La. App. 1 Cir. 03/11/94), 636 So.2d 944, 946, *writ denied*, 94-1652 (La. 10/07/94), 644 So.2d 636.

coverage for damage claims.[30]  The insurer's duty to defend is determined by the allegations set forth in the petition.[31]  Therefore, in determining whether there is a duty to defend, the court assumes that all of the allegations set forth in the petition are true.[32]  That is not the standard that applies when the court is called upon to determine whether an insurance policy provides coverage.

Under Louisiana law, it is well-settled that the insured bears the burden of proving the existence of the policy and coverage while the insurer bears the burden of proving the applicability of policy exclusions.[33]  Thus, the insured bears the burden of proving that the incident sued upon falls within the policy coverage.[34]  This often requires the insured to prove one or more facts.  Indeed, Louisiana law places the

---

[30]     *Suire v. Lafayette City-Parish Consolidated Gov't*, 2004-1459 (La. 04/12/05), 907 So.2d 37, 51-52; *Steptore v. Masco Construction Co., Inc.,* 93-2064 (La. 08/18/94), 643 So.2d 1213, 118*; American Home Assur. Co. v. Czarniecki*, 230 So.2d 253, 269 (La. 1969).

[31]     *Yount v. Maisano*, 627 So.2d 148, 153 (La. 1993); *American Home Assur. Co. v. Czarniecki*, 230 So.2d at 269.

[32]     *Yount v. Maisano*, 627 So.2d at 153; *American Home Assur. Co. v. Czarniecki*, 230 So.2d at 269.

[33]     *Tunstall v. Stierwald,* 2001-1765 (La. 02/26/02), 809 So.2d 916, 921; *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 362 (5th Cir. 2010).

[34]     *Jones v. Santiago*, 2003-1424 (La. 04/14/04), 870 So.2d 2 1002, 1010; *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So.2d 119, *modified on other grounds on reh'g*, 2000-0947 (La. 03/16/01), 782 So.2d 573.  See, also, *Sauer v. National Car Rental System, Inc.*, 07-0844 (La. App. 5 Cir. 04/15/08), 980 So.2d 898, *writ denied*, 08-1235 (La. 09/19/08), 992 So.2d 935.

burden on the insured to establish every fact essential to recovery and to establish that the claim falls within the policy coverage.[35]

For example, when a policy of homeowners' insurance provided coverage for wind damage but not for flood damage, the insured was required to prove that his home was damaged by wind in order to show that the claim was covered by the policy.[36]  Until the insured had satisfactorily proven that at least some of the damages were caused by wind, the burden did not shift to the insurer to prove that coverage was excluded for some of the claimed damages because they were caused by flooding.[37]  Similarly, when the relevant insurance policy conditioned coverage on a condominium having been purchased within 180 days of the insurer's last actual cash payment to the insureds, the insureds had the burden of proving that the condo was purchased within the requisite time period.[38]  Absent such proof, there was no coverage.

---

[35]    *Bayle v. Allstate Ins. Co.*, 615 F.3d at 362; *Williams v. Allstate Indemnity Co.*, 359 Fed. App'x 471, 473 (5th Cir. 2009) (unpublished), citing *Ho v. State Farm Mut. Auto Ins. Co.*, 2003-0480 (La. App. 3 Cir. 12/31/03), 862 So.2d 1278, 1281; *Doerr v. Mobil Oil*, 774 So.2d at 124 ("When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms.")

[36]    *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 523 (5th Cir. 2010).  See, also, *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009).

[37]    *Bradley v. Allstate*, 620 F.3d at 523; *Dickerson v. Lexington*, 556 F.3d at 295.

[38]    *Bayle v. Allstate*, 615 F.3d at 362.

When an insurance policy conditioned coverage to an alleged additional insured on its having been named as an additional insured in a written contract, there was no coverage for the party claiming to be an additional insured when it could not prove that this condition was satisfied.[39]

When an insurance policy provided UM coverage only if the operator's liability arose out of the use of the vehicle, there was no coverage when the insured was unable to prove that the "arising out of use" requirement had been met.[40]   Therefore, if the insured "has failed to establish one of the[] conditions of coverage, then he does not come within the coverage of the... policy."[41]

Similarly, when an insurance policy provides coverage only for certain causes of loss, and the insured failed to prove that his alleged damages were caused by one of the specified causes, there was no coverage.[42]   When an insurance policy required that losses must be discovered within a certain time period, and the insured failed to prove that his alleged losses met that criteria, there was no coverage.[43]

---

[39]   *Suire v. Lafayette*, 907 So.2d at 52.

[40]   *Kessler v. AMICA Mutual Ins. Co.*, 90-CC-1092 (La. 01/22/91), 573 So.2d 476, 479.

[41]   *Kessler v. AMICA*, 573 So.2d at 477.

[42]   *Orthopedic Practice, LLC v. Hartford Casualty Ins. Co.*, No. 06-8710, 2008 WL 687184, *4 (E.D. La. Mar. 10, 2008).

[43]   *St. Paul Fire & Marine Ins. Co. v. Whitaker Construction, Inc.*, No. CIVA 06-1595, 02BK12642, ADVNO03AP1113, 2007 WL 196903, *3 (W.D. La. Jan. 23, 2007).

Likewise, when an insured filed a motion for summary judgment seeking the enforcement of a disability insurance policy, she was required to prove with certified medical records or medical testimony that she was actually disabled.[44]  Absent such evidence, her motion for summary judgment was denied because she failed to prove that her alleged loss was covered by the policy.

Royal argues that coverage under "the New Hampshire policy is triggered by allegations of property damage."[45]  That is incorrect.  The allegations of the petition as compared to the policy provisions determine whether the insurer owes a duty to defend its insured, but allegations do not establish coverage.  To the contrary, the insured must prove that the incident from which the claim arose is covered by the policy.  In this case, New Hampshire's policy provides coverage for "damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations'...."[46]  Therefore, three elements must be proven by Royal in order for there to be coverage:  (1) that bodily injury or property damage occurred, (2) that the damages were caused by an accident, and (3) that the accident resulted from garage operations.

---

[44]     *Lee v. UNUM Life Ins. Co. of America*, 2004-1483 (La. App. 4 Cir. 03/30/05), 900 So.2d 1021, 1028

[45]     Rec. Doc. 46-1 at 7.

[46]     Rec. Doc. 48-1 at 16.

-14-

One of the three elements that must be established in order for there to be coverage is either bodily injury or property damage.  Although this court previously found that Royal has alleged that Mr. and Mrs. Powers sustained bodily injury, Royal has presented no evidence of either bodily injury or property damage.  To prevail on this motion for summary judgment concerning coverage, Royal cannot rest on allegations of bodily injury and/or property damage; it must prove that such injuries or damages were sustained by the plaintiffs in the underlying lawsuit.  Royal, however, has not done so.

In support of its motion for summary judgment, Royal submitted copies of the Powerses' original, first supplemental, and second supplemental petitions as well as a motion and order permitting certain correspondence to be added as an attachment to the original petition.[47]  These documents contain allegations of various types of damage but no evidence proving those damages.  Royal has failed to satisfy its burden of proof with regard to one of the elements necessary to establish coverage, and it is unnecessary to evaluate whether the other elements have been established.[48]

---

[47]    Rec. Docs. 48-2, 48-3, 48-4, 48-5.  As noted previously, the letters and affidavit submitted in support of Royal's motion (Rec. Docs. 48-6 and 48-7) are not being considered.

[48]    See, *Kessler v. AMICA*, 573 So.2d at 477 ("Because we hold that the plaintiff has failed to prove that the unidentified motorist's liability arose out of the ownership, maintenance, or use of the uninsured vehicle, we find it unnecessary to reach the issues of whether plaintiff's injuries were caused by an 'accident' and whether the other vehicle was an uninsured vehicle under the hit-and-run provisions of the policy.")

Royal has failed to failed to satisfy its burden of proving that the claim asserted in the underlying lawsuit is covered by New Hampshire's policy.  Therefore, Royal is not entitled to judgment in its favor on the issue of coverage.

Furthermore, because Royal has failed to meet its burden of proving that its claim falls within the coverage afforded by New Hampshire's policy, there is no shifting of the burden to New Hampshire to prove that coverage is excluded, and New Hampshire's argument that its policy excludes coverage for Royal's claim need not be addressed at this time.  For these reasons, Royal's motion will be denied.

## CONCLUSION

In ruling on Royal's motion for summary judgment, the undersigned has not considered the documents that New Hampshire seeks to strike.  Accordingly, New Hampshire's motion to strike those documents (Rec. Doc. 52) is DENIED AS MOOT. Royal has failed to satisfy its burden of proving that its claim falls within the coverage afforded by New Hampshire's insurance policy.  Accordingly, Royal's motion for summary judgment on the issue of coverage (Rec. Doc. 46) is DENIED.

Signed at Lafayette, Louisiana, this 4th day of August 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)