UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ROYAL MANUFACTURED HOMES,  CIVIL ACTION NO. 6:09-cv-01063
LLC

VERSUS  MAGISTRATE JUDGE HANNA

NEW HAMPSHIRE INSURANCE  BY CONSENT OF THE PARTIES
COMPANY

## MEMORANDUM  RULING

This case comes before the Court by consent of the parties, pursuant to 28

U.S.C. § 636.  This lawsuit was originally filed in state court then removed to this

forum.  (Rec. Doc. 1).  Jurisdiction is based on 28 U.S.C. § 1332.  (Rec. Doc. 1 at 2).

It is an action in which the plaintiff, Royal Manufactured Homes, LLC, seeks a

declaration that its insurer, defendant New Hampshire Insurance Company, owes both

defense and indemnity to Royal with regard to claims asserted against Royal in an

underlying state-court lawsuit.  (Rec. Doc. 1-1 at 3-4).  Royal also seeks to recover

penalties and attorneys' fees for New Hampshire's alleged refusal to provide a

defense and indemnity (Rec. Doc. 1-1 at 3), as well as the cost of the arbitration of

the underlying claim and other unspecified damages.  (Rec. Doc. 1-1 at 4).  The

underlying suit is styled *Jerry Eugene Powers and The Estate of Ethel Elaine Powers

v. Royal Manufactured Homes, L.L.C. and Indies House*, Docket No. 68012-A, 13th

Judicial District Court, Evangeline Parish, Louisiana and involves a dispute based on Louisiana's law of redhibition concerning alleged defects in a mobile home that was sold by Royal to Mr. and Mrs. Powers.

In the original state-court petition (Rec. Doc. 1-2 at 17-23), the Powers plaintiffs sought rescission of the sale of the mobile home, damages, and attorneys' fees.  The matter was referred to arbitration, and the Powers plaintiffs obtained an award in their favor against Royal.  (Rec. Doc. 1-2 at 15-16).  The Powers plaintiffs then amended their petition in the Evangeline Parish lawsuit and sought to have the arbitration award overturned.  (Rec. Doc.1-2 at 24-30).  The award was vacated, the judgment vacating the award was affirmed on appeal, and the case was remanded to the Evangeline Parish court for trial.[1]  After the case was remanded, New Hampshire was named as a direct defendant in the Evangeline Parish suit under Louisiana's Direct Action Statute.  (Rec. Doc. 48-4).  The Court was recently advised that the Evangeline Parish suit has not yet been tried.

While the Powers litigation was still in arbitration, Royal filed suit against New Hampshire in the 27th Judicial District Court, St. Landry Parish, Louisiana.  (Rec. Doc. 1-1 at 3-4), seeking a declaration that New Hampshire's relevant insurance policy affords coverage for the claims brought by the Powers plaintiffs and that New

---

[1]      *Powers v. Royal Manufactured Homes, LLC*, 10-489 (La. 11/03/10), 50 So.3d 254.

Hampshire is required to defend and indemnify Royal with regard to those claims. Royal also sought to recover damages, penalties, and attorneys' fees. New Hampshire removed the St. Landry Parish suit to this Court in June 2009. (Rec. Doc. 1).

New Hampshire soon filed a motion for summary judgment on the issue of coverage, seeking to have all claims asserted against it in this lawsuit dismissed. (Rec. Doc. 11). New Hampshire argued that coverage under the garage operations insurance policy it issued to Royal is triggered by allegations of property damage, and that the underlying lawsuit contains no such allegations. The Court found that New Hampshire's insurance policy affords coverage for both bodily injury and property damage claims, that the non-pecuniary damage claim asserted in the Evangeline Parish lawsuit is a bodily injury claim, and therefore that New Hampshire owes a duty to defend Royal in the underlying litigation. (Rec. Doc. 28) Because that finding did not result in the dismissal of the Royal's suit against New Hampshire, the Court pretermitted further discussion of the coverage afforded by New Hampshire's policy and denied the motion for summary judgment. (Rec. Doc. 28).

Subsequently, Royal moved for summary judgment on the issue of coverage, seeking a declaration that New Hampshire's insurance policy provides coverage for the damages alleged in the Evangeline Parish lawsuit. (Rec. Doc. 46). Royal argued that coverage under New Hampshire's policy is triggered by allegations of property

damage, but the Court disagreed.  The Court found that three elements must be *proven* by Royal in order for there to be coverage:  (1) that bodily injury or property damage occurred, (2) that the damages were caused by an accident, and (3) that the accident resulted from garage operations.  (Rec. Doc. 56 at 14).  In support of its motion for summary judgment, however, Royal did not present any evidence establishing that the Powers plaintiffs sustained such injuries or damages.  (Rec. Doc. 56 at 15).  Accordingly, Royal's motion was denied.  (Rec. Doc. 56).

Thereafter, the matter was set for trial on the merits.  As the trial date approached, however, the Court was advised that no trial has yet occurred in the Evangeline Parish suit and, indeed, that no trial date has been set in that matter. Therefore, the issue of whether the plaintiffs in the underlying state-court matter have or have not sustained bodily injury or property damage remains unresolved.

When it discovered that the Evangeline Parish lawsuit had not been tried, the Court raised the issue of prematurity and invited briefs addressing whether this action should be stayed, dismissed, or tried in this forum.  (Rec. Doc. 67).

In its brief (Rec. Doc. 69), Royal takes the position that this federal-court lawsuit should be stayed pending resolution of the Evangeline Parish action.  Royal argues that it would be premature to proceed in this forum with no judgment from the Evangeline Parish court.  According to Royal, New Hampshire has already filed a

motion for summary judgment on the issue of coverage in Evangeline Parish, and a ruling on that motion is expected at any time.  (Rec. Doc. 69 at 4).  Royal also plans to file a cross-claim against New Hampshire in the Evangeline Parish suit.  Royal reviewed the factors relevant to stay of a lawsuit under the *Colorado River* abstention doctrine and argued that it would waste judicial resources and cause the parties to incur undue expenses if the federal-court action is not stayed in deference to the Evangeline Parish lawsuit.  (Rec. Doc. 69 at 7).

In its brief (Rec. Doc. 68), New Hampshire argues that this case should not be stayed or dismissed, but should be tried in this forum.  New Hampshire argues that the *Colorado River* standard applies if Royal's claim for bad faith penalties and attorneys' fees is legitimate but, if that claim is determined to be frivolous or dismissed under Rule 12(b)(6) or on a *sua sponte* motion for summary judgment, then the *Wilton/Brillhart* standard applies instead.  New Hampshire reviewed the factors to be considered under *Wilton/Brillhart*, concluding that this action should proceed. New Hampshire made two additional arguments during a telephone conference with the Court on January 25, 2012.  New Hampshire argued that it would be possible to resolve the pending issue of the damages sustained by the Powers plaintiffs by calling one of them to testify that they have no property damage or bodily injury, resulting in Royal being unable to prove one of the elements necessary to a finding of

coverage.  New Hampshire also argued that it has no mechanism to appeal this Court's ruling on the duty to defend and that it is unfair to make New Hampshire wait until after the state-court suit is tried to have that issue resolved.

## ANALYSIS

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[2]  Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[3]  In "extraordinary and narrow" circumstances,[4] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[5]

As explained by the Fifth Circuit, "[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration,

---

[2]     *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007), *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[3]     *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282.  See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[4]     *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[5]     *Colorado River v. United States*, 424 U.S. at 813.

depending on whether the federal suit is purely declaratory or seeks other relief."[6]  If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995), and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), is applied.[7]

Royal argues that this suit should be stayed in deference to the Evangeline Parish lawsuit under either the *Wilton/Brillhart* standard or the *Colorado River* standard.  New Hampshire argues that, because Royal seeks to recover penalties and attorneys' fees for New Hampshire's alleged failure to timely provide a defense as well as a judgment declaring that the relevant insurance policy affords coverage, only the *Colorado River* standard applies.  New Hampshire further argues that the bad faith issue can be surmounted, and analyzed the factors relevant to the *Wilton/Brillhart* standard, concluding that this Court should not abstain but should, instead, proceed with trying the case.

---

[6]     *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).

[7]     *American Guarantee v. Anco*, 408 F.3d at 250-51.

The Court found no authority for the proposition that a claim for the recovery of bad faith penalties asserted under Louisiana law in an action seeking coverage under an insurance policy converts the action from a declaratory judgment action to an action for coercive relief mandating the use of the *Colorado River* abstention standard.  The Court did, however, find authority for the proposition that a request for the recovery of defense costs asserted in an action seeking a coverage declaration does not transform the action from a declaratory judgment action to an action seeking coercive relief.[8]  Accordingly, this Court finds that, despite the claim for the recovery of bad faith penalties and attorneys' fees, Royal's lawsuit remains, at its core, a declaratory judgment action.  Out of an abundance of caution, however, the issue of whether this Court should continue with the litigation of this lawsuit will be analyzed under both the *Wilton/Brillhart* standard and the *Colorado River* standard as well as in light of this Court's inherent power.

---

[8]  *Massachusetts Bay Insurance Co. v. Lewis*, No. 10-585-BAJ-DLD, 2011 WL 1261145 (M.D. La. Mar. 31, 2011).

# I.    THE *WILTON/BRILLHART* STANDARD

In *Wilton v. Seven Falls Company*, the United States Supreme Court confirmed its prior decision in *Brillhart v. Excess Ins. Co. of America*, by stating that

> [i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.[9]

The Court concluded that it is within a district court's discretion to stay an "action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."[10]

To assist in defining the parameters of a District Court's discretion, the Fifth Circuit developed a seven-factor test for deciding whether to retain jurisdiction over declaratory judgment actions.[11]   The factors are not exhaustive, mandatory, or exclusive[12] and address three broad considerations – federalism, fairness/improper

---

[9]    *Wilton v. Seven Falls Company,* 515 U.S. at 288.

[10]    *Wilton v. Seven Falls Company*, 515 U.S. at 290.

[11]    *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  See, also, *Travelers Ins. Co. v. La. Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (citing the first six factors).

[12]    *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993).

forum shopping, and efficiency.[13]  They are:  (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[14]  The Court finds that, in this case, the seven factors militate in favor of this Court declining jurisdiction over this case.

Here, the first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs heavily against this Court hearing the case.  "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve

---

[13]     *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-391 (5th Cir. 2003).

[14]     *St. Paul v. Trejo*, 39 F.3d at 590-91.

-10-

the particular dispute."[15]  When this case began, the Powers plaintiffs' claims had been arbitrated, the Powers plaintiffs were attempting to have the arbitration award vacated, and New Hampshire had not been made a party to the Evangeline Parish lawsuit.  Now, however, the arbitration ruling has been vacated, and New Hampshire is a party to the state-court litigation.  As between Royal and New Hampshire, the matter to be resolved is the interpretation of an insurance policy.  That issue has also been placed before the Evangeline Parish court, and it is a matter that can be competently resolved in that forum.  No question of federal law has been presented.  "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[16]  This factor has been considered "of paramount concern."[17]  Consequently, this is precisely the type of case in which the federal court should defer to a related state-court action, and the Court so finds.

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.  In this case, the Evangeline Parish

---

[15]     *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[16]     *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

[17]     *Am. Fid. Ins. Co. v. Acadian Geophysical Serv., Inc.*, 1997 WL 786233, 2 (E.D. La. 1997).

lawsuit was already ongoing when Royal filed this lawsuit, and there is no evidence that New Hampshire planned to sue Royal.  The Court finds that this factor is neutral.

The third factor is whether the plaintiff engaged in forum shopping in bringing the suit.  Royal did not select this forum.  Royal filed suit in state court, and New Hampshire removed it.  There is no evidence that either party engaged in forum shopping.  Royal filed suit in an appropriate court, and there is no evidence that it selected the forum to gain some sort of advantage.  Important to this inquiry is "whether there was a legitimate reason to be in federal court."[18]  A desire to avoid a plaintiff-friendly state court jury is not an illegitimate reason.[19]  Similarly, a party seeking to avail itself of the traditional justification for diversity jurisdiction, ensuring fairness for out-of-state litigants, is not an illegitimate reason for filing suit in federal court.[20]  New Hampshire is an out-of-state company, and there is no evidence that it removed the suit for any illegitimate reason.  The Court finds that this factor does not favor abstention.

The fourth factor to be considered is whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums.  A

---

[18]     *American Employers' Insurance Co. v. Eagle, Inc.*, 122 Fed. App'x 700, 703 (5th Cir. 2003).

[19]     *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[20]     *American Employers' v. Eagle*, 122 Fed. App'x at 703.

trial date was previously set in this action, while the state-court action has not yet been set for trial.  Permitting this case to move forward might, therefore, result in a judgment being rendered in this forum sooner than in the state court.  Permitting the federal-court suit to move forward would, therefore, create the very real possibility of inconsistent and/or incomplete rulings.  The Court finds that this weighs heavily in favor of this Court deferring to the state court proceeding.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses.  New Hampshire argues that the federal-court location is more convenient (Rec. Doc. 68 at 4), while Royal argues that the state-court location is more convenient (Rec. Doc. 69 at 5).  The undersigned finds that this is a neutral factor.  The Evangeline Parish courthouse is less than an hour's drive from the federal courthouse where this action was set to be tried, and the Court is not persuaded that one forum is more convenient than the other.  The undersigned finds that the two forums are equally convenient.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy.  The undersigned finds this to be a critical issue. The state-court suit now involves all of the parties to the insurance contract at issue as well as the parties who are not participants in the federal-court litigation but whose testimony will be critical on factual issues related to the insurance coverage issue.

-13-

Therefore, retaining the lawsuit in federal court would not serve the goal of judicial economy.  That goal would be better served if the insurance coverage issue were litigated in state court.

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the state-court suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the undersigned finds that three of the seven factors weigh heavily in favor of this Court abstaining, while the other factors are neutral.  The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court."[21]  "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[22]  The Court finds that the dispute presented in this lawsuit can better be settled in the related proceeding that is pending in Louisiana state court.

---

[21]     *American Employers' v. Eagle*, 122 Fed. App'x at 702, quoting *Brillhart v. Excess*, 316 U.S. at 495.

[22]     *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

Rather than merely finding that this action should be stayed, however, the undersigned finds that this lawsuit should be dismissed. This Court has discretion to dismiss this matter *sua sponte*.[23] There is a pending state court action in which all of the matters presented in this lawsuit may be fully litigated. In this case, a determination will be made in the Evangeline Parish lawsuit whether the Powers plaintiffs sustained bodily injury or property damage as a result of Royal's actions or omissions. Even if New Hampshire had not been named as a direct defendant in that lawsuit, it would serve no useful purpose for this Court to conduct further proceedings until that issue is determined. As the Evangeline Parish lawsuit is now postured, however, the state court will also be called upon to determine if the claims of the Powers plaintiffs are covered under New Hampshire's policy. Further, the Court was advised that Royal will be making a cross-claim against New Hampshire for defense and indemnity in the Evangeline Parish suit. Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state court's ruling, creating unnecessary issues and unnecessarily complicating the procedural posture of both lawsuits. After careful consideration, the Court finds that

---

[23]     See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, 2009 WL 511308, 3 (E.D. La. 2009) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it.") See, also, *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (acknowledging without disapproval that district court dismissed declaratory judgment action *sua sponte*); *Houston Gen. Ins. Co. v. Taylor Lumber & Treating, Inc.*, 1997 WL 40633, 3 (E.D. La. 1997) (dismissing suit *sua sponte*).

permitting the underlying litigation to proceed unimpeded would be the better course of action.  Therefore, to the extent that this action is one that should be analyzed under the *Wilton/Brillhart* standard, the Court will exercise its discretion and decline to proceed further, dismissing this action without prejudice.

## II.   THE *COLORADO RIVER* STANDARD

Under the *Colorado River* abstention doctrine, a federal court, in its discretion, may abstain or stay exercise of its jurisdiction, in the interest of wise judicial administration, when parallel proceedings are pending in different forums.  This concept rests on the ideas of federalism, comity, and conservation of judicial resources.[24]  The *Colorado River* standard can be applied when related federal and state cases are parallel, which generally means that the actions involve the same parties and the same issues.[25]  The Fifth Circuit has not always insisted on a precise identity of parties, however, stating that "there need not be applied in every instance

---

[24]    *Black Sea v. United Heritage*, 204 F.3d at 650; *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).

[25]    *Transocean Offshore v. Catrette*, 239 Fed. App'x at 12; *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005); *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002); *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

a mincing insistence on precise identities."[26]  Thus, suits may be found to be parallel

"while not absolutely symmetrical" but consisting of "substantially the same parties

litigating substantially the same issues."[27]

Here, the federal-court case is limited to Royal and New Hampshire, while

additional parties are involved in the Evangeline Parish suit.  Still, the very same

dispute between Royal and New Hampshire is presented in both suits, and resolution

of issues unique to the Evangeline Parish suit must be achieved before the federal-

court action can be resolved.  Thus, the state-court litigation will dispose of all of the

claims asserted in this forum.  Accordingly, the two cases are sufficiently parallel for

the application of the *Colorado River* doctrine.

A lawsuit may be stayed or dismissed under *Colorado River* if exceptional

circumstances[28] warrant abstention.  The determination is made by applying six

relevant factors:  (1) assumption by either court of jurisdiction over a res, (2) the

relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4)

the order in which jurisdiction was obtained by the concurrent forums, (5) to what

---

[26]     *RepublicBank Dallas v. McIntosh*, 828 F.2d at 1121.

[27]     *Kenner Acquisitions, L.L.C. v. BellSouth Telecommunications, Inc.*, No. 06–3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007), citing *Caminiti & Iatarola, Ltd. v. Behnke Warehousing*, 962 F.2d 698, 700-701 (7th Cir. 1992).

[28]     *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 851 (5th Cir. 2009); *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[29] No one factor is necessarily determinative,[30] and the factors should not be applied mechanically; instead, they should be carefully balanced on a case-by-case basis, with the balance heavily weighted in favor of the exercise of jurisdiction by the federal court.[31]

In this case, neither court has assumed jurisdiction over a res.  In such a situation, the first factor weighs against abstention and in favor of the federal court exercising jurisdiction,[32] and the Court so finds.

The second factor is the relative inconvenience of the forums.  When courts are in the same geographic location[33] or in approximately the same location within the

---

[29]     See, e.g., *Transocean Offshore v. Catrette*, 239 Fed. App'x at 12; *Black Sea v. United Heritage*, 204 F.3d at 650; *Stewart v. Western Heritage*, 438 F.3d at 491.

[30]     *Nationstar Mortgage v. Knox*, 351 Fed. App'x at 851, citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 16 (1983).

[31]     *Transocean Offshore v. Catrette*, 239 Fed. App'x at 12; *Brown v. Pacific Life Ins. Co*., 462 F.3d 384, 395 (5th Cir. 2006); *Black Sea v. United Heritage*, 204 F.3d at 650; *Moses H. Cone v. Mercury*, 460 U.S. at 16.

[32]     *Stewart v. Western Heritage*, 438 F.3d at 492; *Murphy v. Uncle Ben's, Inc*., 168 F.3d 734, 738 (5th Cir. 1999) (holding that the absence of the first and second factors weighs against abstention); *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1191.

[33]     *Stewart v. Western Heritage*, 438 F.3d at 492.

state,[34] the inconvenience factor weighs against abstention.  In this case, the state-court proceeding is in Ville Platte, Louisiana, while the federal-court proceeding is in Lafayette, Louisiana, cities that are located approximately 42 miles apart.  New Hampshire argues that the federal-court location is more convenient (Rec. Doc. 68 at 4), while Royal argues that the state-court location is more convenient (Rec. Doc. 69 at 5).  Ultimately, the question is not whether the federal forum is a "better" or "more convenient" forum, but "whether the inconvenience of the federal forum is so great that this factor points toward abstention."[35]  When, as in this case, both the state forum and the federal forum are in the same geographical region, this factor is neutral and weighs neither in favor of nor against abstention.  The Court finds that this factor is neutral.

The third factor is the avoidance of piecemeal litigation.  The pendency of an action in state court does not bar a federal court from considering the same matter,[36] and avoiding duplicative litigation is not the goal of the *Colorado River* abstention doctrine.[37]

---

[34]     *Black Sea v. United Heritage*, 204 F.3d at 650.

[35]     *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1192.

[36]     *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002).

[37]     *Black Sea v. United Heritage*, 204 F.3d at 650, citing *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1192.

> Duplicative litigation, wasteful though it may be, is a
> necessary cost of our nation's maintenance of two separate
> and distinct judicial systems possessed of frequently
> overlapping jurisdiction.  The real concern at the heart of
> the third *Colorado River* factor is the avoidance of
> *piecemeal* litigation, and the concomitant danger of
> inconsistent rulings with respect to a piece of property.
> When . . . no court has assumed jurisdiction over a disputed
> res, there is no such danger.[38]

Therefore, when as in this case, jurisdiction has not been assumed over a *res*, it is

arguable that this factor does not weigh in favor of abstention.  However, this is the

issue that is critical in this case.  Two courts – one state and one federal – now have

before them the same insurance coverage issue.   Royal correctly argues that

inconsistent rulings could result because the state-court judge will decide the

coverage issue shortly.  Some cases downplay that possibility, stating that "a plea of

res judicata after the completion of one suit could eliminate the problem of

inconsistent judgments."[39]  What distinguishes this case is that a factual determination

must be made concerning the type of injuries sustained by the parties to the state-

court action who are not parties to this suit.  That issue will be fully litigated in the

Evangeline Parish proceeding but, thus far, no evidence has been adduced in this

---

[38]     *Black Sea v. United Heritage*, 204 F.3d at 650-51 [emphasis in original].  See, also,
*Evanston Ins. Co. v. Jimco*, 844 F.2d at 1192.

[39]     *Stewart v. Western Heritage*, 438 F.3d at 492, citing *Kelly Investment v. Continental*,
315 F.3d at 498.

forum sufficient to resolve that preliminary yet fundamental issue.  Consequently, in light of the procedural posture of the two lawsuits and the nature of dispute to be resolved, the likelihood of truly piecemeal decisions looms large, and the Court finds that this weighs heavily in favor of this Court's declining to proceed further in deference to the underlying state-court matter.

The fourth factor is the order in which jurisdiction was obtained by the concurrent forums.  In evaluating this factor, the focus must be placed not on which suit was filed first but on how much progress has been made in each of the two lawsuits.[40]  While the federal-court action was set to be tried in January 2012, no trial date has yet been set in the Evangeline Parish suit.  However, the Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint."[41]  This action has certainly proceeded beyond that point.  Therefore, the Court finds that this factor does not weigh in favor of abstention.

The fifth factor is to what extent federal law provides the rules of decision on the merits.  All of the claims asserted in these two lawsuits can be resolved under

---

[40]     *Stewart v. Western Heritage*, 438 F.3d at 492; *Murphy v. Uncle Ben's*, 168 F.3d at 738.

[41]     *Stewart v. Western Heritage*, 438 F.3d at 493; *Murphy v. Uncle Ben's*, 168 F.3d at 738.

Louisiana law and none of them implicate federal law.  However, "[t]he absence of a federal-law issue does not counsel in favor of abstention."[42]  Therefore, this factor can only weigh against and not for abstention.[43]  Furthermore, "the presence of state law issues weighs in favor of surrender only in rare circumstances."[44]  The parties have not shown that any such "rare circumstances" exist in this case.  Consequently, the Court finds that this factor is "at most neutral."[45]

The final factor is the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.  Royal argues that this factor weighs in favor of abstention.  The Fifth Circuit has held, however, that this factor cannot weigh in favor of abstention; to the contrary, it can only be neutral or weigh against abstention.[46]  Neither Royal nor New Hampshire argues that the state court cannot adequately adjudicate the case.  Furthermore, "[a] party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and

---

[42]    *Black Sea v. United Heritage*, 204 F.3d at 651, quoting *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

[43]    *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

[44]    *Black Sea v. United Heritage*, 204 F.3d at 651, quoting *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.  See, also, *Stewart v. Western Heritage*, 438 F.3d at 492.

[45]    *Black Sea v. United Heritage*, 204 F.3d at 651; *Stewart v. Western Heritage*, 438 F.3d at 493.

[46]    *Black Sea v. United Heritage*, 204 F.3d at 651; *Stewart v. Western Heritage*, 438 F.3d at 493; *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

may still pursue the action there since there is no ban on parallel proceedings."[47]  The Court finds that the sixth factor does not weigh in favor of abstention.

Two factors weigh against abstention, three factors are neutral, and one weighs in favor of abstention.  But this is not a situation in which the factors are to be counted.  To the contrary, they are to be carefully balanced.  Having carefully analyzed and balanced the various factors, the Court again finds that permitting the underlying state-court litigation to proceed unimpeded would be the better course of action.  Therefore, to the extent that this action is one that should be analyzed under the *Colorado River* standard, the Court finds that the relevant factors weigh in favor of abstention, and it will decline to proceed further, dismissing this action without prejudice.

### III.  THIS COURT'S INHERENT POWER TO ABSTAIN

Even when neither the *Wilton/Brillhart* standard nor the *Colorado River* standard is applicable, "district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding."[48]  "Such a stay should not be granted

---

[47]     *Evanston Ins. Co. v. Jimco*, 844 F.2d at 1193.

[48]     *Primerica Life Insurance Co. v. Twyman*, No. 3-01-CV-1659-BD, 2002 WL 83750, *3 (N.D. Tex. Jan. 14, 2002).  See, also, *Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983).

-23-

unless the other tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed litigation   The court also should consider whether the federal action serves some purpose beyond mere duplication of effort."[49]

In this case, the Evangeline Parish court has the authority to decide issues that are necessary to the disposition of the insurance coverage issue that is currently before this Court, and it is competent to do so.  Permitting this action to move forward would do little more than duplicate the efforts being undertaken in Evangeline Parish and potentially create a procedural morass from which the litigants will likely have a difficult time extracting themselves.

Accordingly, in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[50] this Court will decline further jurisdiction over this action and will dismiss this lawsuit without prejudice.

---

[49]    *Primerica v. Twyman*, 2002 WL 83750, *3 (internal citations omitted), citing *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

[50]    *Primerica v. Twyman*, 2002 WL 83750, *3, quoting *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

## CONCLUSION

The Court has viewed the posture of this lawsuit through the lens of the *Wilton/Brillhart* abstention doctrine, through the lens of the *Colorado River* abstention doctrine, and in light of the Court's inherent power, and the Court has reached the same conclusion each time. Accordingly, the Court will dismiss this action with prejudice.

Signed at Lafayette, Louisiana, this 1st day of March 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-25-